*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-263

OCTOBER TERM, 2014

| | |
|---|---|
| In re D.D., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 44-5-11 Wmjv |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Mother appeals termination of her parental rights to her son D.D., born in June 2004. On appeal, mother argues that the court's decision lacks a rational basis and deprives D.D. of important contact with mother. We affirm.

D.D. and his half-sister came into the custody of the Department for Children and Families (DCF) in May 2011. Mother subsequently stipulated that the children were in need of care or supervision for lack of proper parental care. The stipulated facts included admissions that mother has a history of substance abuse and had been involved in a motor vehicle accident while driving severely intoxicated with the children in the car. The initial disposition recommended reunification and set several goals for mother, including those aimed at addressing mother's repetitive connections with abusive male partners and ongoing substance abuse. While the case was pending, mother was incarcerated on several different occasions. Mother attended visits with D.D. inconsistently due, in part, to her incarcerations and hospitalizations. Mother struggled with remaining drug-free and at the time of the final hearing was continuing to receive addiction treatment. Mother showed little insight into how her substance abuse and living with violent partners has impacted her children.

When they came into DCF custody, the children were placed with their great aunt and uncle. Custody of D.D.'s half-sister was subsequently given to her father, where she remains and has regular contact with mother. D.D. has post-traumatic stress disorder, and when he came into DCF custody was anxious, fearful, and expected to be blamed and punished for mistakes. D.D. has greatly improved in the care of his great aunt and uncle. D.D. experiences less anxiety, and sees his current foster placement as his home and as a safe and stable place. D.D. has a close relationship with his foster parents and brother. The foster parents would like to adopt D.D., and would allow contact with mother if she is substance-free and emotionally stable.

In November 2013, DCF filed to terminate mother's parental rights.* The court found that there was a change of circumstances because mother's progress had stagnated. The court noted that D.D. had been in custody for over three years and in that time mother had made some progress, but failed to fully meet any of the case-plan goals. She had not obtained a psychological evaluation, or made progress in addressing the causes for her poor relationship choices and drug addiction. Significantly, she also had not developed any insight into how her choices involving violent partners and drug use had damaged her children. The court further found that termination was in D.D.'s best interests. The court found that mother would not be able to resume parenting in a reasonable period of time. The court acknowledged that mother and son have a parent-child bond, but found that mother is not capable of caring for him and that D.D. requires permanency immediately. Thus, the court granted termination. Mother appeals.

To terminate parental rights, the court must determine by clear and convincing evidence that there is a change of circumstances, and that termination is in the child's best interests. See 33 V.S.A. § 5113(b); In re B.W., 162 Vt. 287, 291 (1994). In assessing the child's best interests, the court must consider the statutory criteria. 33 V.S.A. § 5114(a). The most important factor is whether the parent will be able to resume parenting duties within a reasonable period of time. In re J.B., 167 Vt. 637, 639 (1998) (mem.). On appeal, we will uphold the family court's conclusions if supported by the findings and affirm the findings unless clearly erroneous. Id.

Mother argues that the court lacked a rational basis for terminating her parental rights because termination will not ensure contact with mother, which the court found D.D. enjoys. Mother contends that termination contradicts the outcome for D.D.'s sister, who is in the custody of her father and with whom mother continues to have contact. Mother contends that similarly her contact with D.D. is beneficial to him and the court cannot ensure continuing contact with mother once parental rights are terminated. Mother posits that a more appropriate solution would be a guardianship or transfer of custody to D.D.'s great aunt and uncle while legally protecting mother-child contact.

There was no error. The court here properly evaluated DCF's petition to terminate mother's parental rights by considering the statutory criteria. While the court found that a bond existed between D.D. and mother, the court concluded that this consideration was outweighed by the other evidence, including that mother is not currently capable of caring for another person and will be unable to resume parenting D.D. within a reasonable period of time. Having applied all the statutory criteria and found termination to be in the child's best interests, the court was not required to also consider the other permanency options in the statute or to explain why those options were not employed instead. See In re T.T., 2005 VT 30, ¶ 7, 178 Vt. 496 (mem.) (stating that once court determines termination is in child's best interests, court is not required to "revisit the permanency hearing options . . . and explain why it is choosing termination of parental rights over other options").

Mother claims that contact with her is important and the court cannot ensure such contact continues after termination. The court did not err in granting termination even though contact with mother may not continue. As explained, the court properly weighed D.D.'s need for contact with mother in concert with all the statutory factors, and found based on the evidence that D.D.'s

---

* DCF also filed to terminate father's rights. Father did not participate in the proceedings. The court found that father has no relationship with D.D., and granted termination of father's rights. That decision was not appealed.

best interests favored termination.  Further, the court acknowledged it might be possible for D.D. to continue to have contact with mother after termination, but that the decision would be up to the adoptive parents.

Finally, this outcome is not precluded simply because it is different than that for D.D.'s half-sister.  The court's must consider each child individually and make a decision based on the facts related to that child.  Here, evidence was presented on D.D.'s situation and on his needs, and the court found based on that evidence that termination was in D.D.'s best interests.  There was no error.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice